In the Matter of the Application of THE CITY OF NEW YORK Relative to Acquiring Title to the Real Property Selected by the Commissioner of Parks of The City of New York for Public Park Purposes Located and Extending from Flushing Bay to Interborough Parkway-Grand Central Parkway and East and West of Grand Central Parkway Extension, Excepting Therefrom Such Property within Said Boundary Now Owned by The City of New York and Acquired for Any Purpose Whatsoever, Also Excepting Therefrom Lands Owned by the LONG ISLAND RAILROAD COMPANY, the Right-of-Way of the INTERBOROUGH RAPID TRANSIT COMPANY, the CEDAR GROVE and MT. HEBRON CEMETERIES, and the Areas within the Established Lines of Certain Streets and Avenues in the Borough of Queens, City of New York, and Approved by the Board of Estimate and Apportionment, According to Law. NICOLA CIGLIANO, JOSEPH P. DAY, INC., MATHILDA FINCK, GARSCHMAN REALTY CO., INC., GOODREAL CO., INC., HANSRO REALTY CORPORATION, MIRIAM HERBST, SAMUEL HURDUS, IRVING JARCHIN, WILGATE HOLDING CORPORATION, JOHN J. HALLERAN, HEINR. FRANCK SONS, INC., FLUSHINGSIDE REALTY & CONSTRUCTION CO., MARY E. WOOD, LEWIS HOMES COMPANY, INC., JAMES S. LAWSON, CATHERINE A. HARRISON, JOHN J. BURKE, FREDERICK REINER and BERTHA K. REINER, Appellants; THE CITY OF NEW YORK, Respondent.— Appeal in a condemnation proceeding from the first partial and separate final decree entered April 12, 1937, and from the last partial and separate final decree entered December 7, 1937. Decree entered December 7, 1937, in so far as appealed from, unanimously affirmed; and decree entered April 12, 1937, modified on the law and the facts as to Damage Parcels 185, 186 and 187, by increasing the award for land to the owner of the fee of such parcels to $22,500, and, as thus modified, the decree, in so far as appealed from, is unanimously affirmed, with costs to appellant Hansro Realty Corporation, payable by respondent, and with one bill of costs to respondent, payable by appellants other than Hansro Realty Corporation. The award of the trial court for the land of Damage Parcels 185, 186 and 187 did not adequately reflect the value of the land as indicated by the factor of the lease of the parcels with the reversion of the ownership of the improvements on the parcels, placed thereon by the tenant,

to the fee owner. . A division of the value of the improvements award by the years in the unexpired term of the lease, with due allowance for depreciation, reflects a gross rent per year, even allowing for the hazardous character of the business, of an amount that requires a gross valuation for land and improvements of $40,800. Deducting the award for improvements of $18,300 requires an award of $22,500 for the present value of the land. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ. [166 Misc. 864.]